Filed 5/13/15  P. v. Schaefer CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>IRA DALE SCHAEFER,<br><br>    Defendant and Appellant. | B258266<br><br>(Los Angeles County<br>Super. Ct. No. NA098518) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

On March 7, 2014, an information charged Ira Dale Schaefer with one count of possession of a controlled substance (cocaine base) in violation of Health and Safety Code, section 11350, subdivision (a). The information also alleged that Schaefer had two serious felony priors and three prior prison terms under Penal Code section 667.5, subdivision (b). Schaefer pleaded nolo contendere to the single count of possession on March 17, 2014. On April 7, 2014, the trial court suspended a six-year prison sentence and placed Schaefer on formal probation for five years. The court also struck Schaefer's prior strike under Penal Code section 1385, and ordered Schaefer to serve one year in a treatment center, Tibis House. The court explained to Schaefer: "You must complete this particular program. . . . You can't leave and then say, I want to find a different place . . . . No other options."

The trial court revoked Schaefer's probation on June 10, 2014. On July 11, 2014, the court held a hearing under *People v. Marsden* (1970) 2 Cal.3d 118, after Schaefer stated he did not want to go forward with his present attorney and wanted "proper counsel." Schaefer argued that counsel had done nothing for him. Counsel explained that there were legal reasons why he had not given Schaefer the phone number of a potential witness, the Tibis House director. The court told Schaefer that he did not doubt that Schaefer left the program in relation to Schaefer's sister, but "it doesn't change my position." The court denied the motion.

At a hearing on August 14, 2014, the director of Tibis House testified that Schaefer only stayed in the program for three weeks, leaving between April 17 and 20, violating a rule that he could not leave during the first 30 days. Schaefer told the house manager that his sister was dying and he needed to go see her. In several subsequent phone calls, he told the Tibis House director that his sister's medical condition was severe, and that he wanted to come back to the program. She told him he had to go back to court first, whether he came back or went to another program in Long Beach. Schaefer's sister testified that he left the program and came to live with her after her surgery, and tried unsuccessfully to get into a program nearer her house. She thought he had dropped off a letter to the judge.

The trial court stated that he did receive some letters from Schaefer, and he understood that his family was important to him. At sentencing, however, the court had been specific and had told Schaefer he had to complete the Tibis House program, and could not leave and try to find a different place. Schaefer had left and stayed away, looking for another place, and although he had dropped off documents, Schaefer had not come into court as Tibis House had told him he had to. The court found that Schaefer had violated his probation and imposed the six-year sentence. Schaefer filed a timely appeal.

We appointed counsel on appeal, who filed an opening brief raising no issues and asking this court to review the record independently.[1] We have exhausted our remedies in attempting to locate Schaefer to advise him that he had 30 days in which to submit any contentions or issues he wished us to consider.

We have examined the entire record and we are satisfied that Schaefer's counsel has fully complied with his responsibilities, and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441–442.)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.                    BENDIX, J.[*]

---

[1] Although there is no indication of this in the record on appeal, the brief states that on November 12, 2014, under the Safe Neighborhoods and Schools Act (Proposition 47), the court reduced Schaefer's offense to a misdemeanor and ordered him released from prison.

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.